**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-30081
Summary Calendar

TONY GILES,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State
Penitentiary; RICHARD IEYOUB, Attorney
General, State of Louisiana,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-883-H)

September 16, 1998

Before POLITZ, Chief Judge, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

In this appeal from the dismissal of a 28 U.S.C. § 2254 habeas corpus petition, the district court granted Tony Giles, a Louisiana prisoner, a certificate of appealability with respect to the issues "whether the State exercised its peremptory challenges in a racially discriminatory manner and whether petitioner[']s trial

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

counsel was ineffective for failing to pursue a **Batson** challenge."[1]

The Louisiana appellate court rejected Giles' **Batson** challenge on direct appeal. We are not persuaded that Giles has shown that the state appellate court's disposition of that issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] Nor are we persuaded that "reasonable jurists" would be of "one view" that the state court judgment was incorrect.[3]

Giles' contention that his attorney performed ineffectively by failing to raise the **Batson** challenge properly is meritless. Giles has not shown that counsel performed constitutionally deficiently in the alleged failure to challenge the prosecution's jury selection procedures. The record reflects that the jury was composed of six black and six white jurors.

The judgment appealed is AFFIRMED.

---

[1] **Batson v. Kentucky**, 476 U.S. 79 (1986).

[2] 28 U.S.C. § 2254(d)(1).

[3] **Drinkard v. Johnson**, 97 F.3d 751, 769 (5th Cir. 1996), cert. denied, 117 S.Ct. 1114 (1997).

2